# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOWIE NORTH AMERICA, INC. and HENRY M. WHETSTONE, JR., <br><br> Plaintiffs, <br><br> vs. <br><br> CANDY TREASURE, LLC; and KEVIN GASS, <br><br> Defendants. | CASE NO. 13-CV-1906 BEN (JMA) <br><br> **ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S DISCOVERY ORDER AND DENYING EMERGENCY MOTION FOR A CONTINUANCE OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** <br><br> [Docket No. 25] |

Presently before the Court is Defendants' Objections to Magistrate Judge's Discovery Order and Emergency Motion for a Continuance of Plaintiffs' Motion for Preliminary Injunction. (Docket No. 25.) For the reasons stated below, Defendants' Objections are **OVERRULED** and the Emergency Motion for a Continuance of Plaintiffs' Motion for Preliminary Injunction is **DENIED**.

## BACKGROUND

Plaintiffs Yowie North America, Inc. and Henry M. Whetstone, Jr., filed this action for patent infringement against Defendants Candy Treasure, LLC and Kevin Gass on August 16, 2013. On October 7, 2013, Plaintiffs filed a Motion for Preliminary Injunction, asking the Court to enjoin "Defendants from marketing, distributing, offering to sell or selling their infringing Choco Treasure 'surprise' eggs and balls." (Docket No. 8.) A hearing on this motion was originally set for November

12, 2013, but was later continued to November 25, 2013, then December 2, 2013. (Docket Nos. 15, 28.)

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendants served a notice of deposition on Yowie on October 30, 2013. A deposition in San Diego was noticed to take place on November 7, 2013. Yowie objected, arguing that Defendants should be required to take a deposition by video conference of its Rule 30(b)(6) witness in Perth, Australia.

On November 6, 2013, Magistrate Judge Jan M. Adler issued an order addressing whether Yowie's corporate designee, who is located in Australia, should be ordered to travel to San Diego for a deposition, when Yowie agreed to make him available for deposition by video conference ("November 6 Order"). (Docket No. 24.) The November 6 Order found that because Yowie agreed to make its representative available for deposition by video conference, the Federal Rules of Civil Procedure—rather than the Hague Convention—control the deposition. Judge Adler ordered that Yowie's representative be deposed in Australia by video conference.

Defendants objected to Judge Adler's Order on November 7, 2013. (Docket No. 25.) Plaintiffs filed an Opposition to Defendants' Objections on November 11, 2013. (Docket No. 26.) Defendants filed a Reply on November 13, 2013. (Docket No. 29.)

**DISCUSSION**

Non-dispositive pre-trial matters may be decided by a magistrate judge, subject to reconsideration by the district judge. FED. R. CIV. P. 72(a). The district judge may modify or set aside any part of the magistrate judge's order which is "clearly erroneous or is contrary to law." *Id.*; 28 U.S.C. § 636(b)(1)(A). A finding is "clearly erroneous" when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anti-Monopoly, Inc. v. Gen. Mills Fun Grp., Inc.*, 684 F.2d 1316, 1318 (9th Cir. 1982).

As discussed in the November 6 Order, the Hague Convention is not mandatory,

1  and acts only as a permissive supplement to the Federal Rules of Civil Procedure. *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct.*, 482 U.S. 522, 536 (1987). The Federal Rules of Civil Procedure are the "normal method[] for federal litigation involving foreign national parties unless the optional or supplemental Convention procedures prove to be conducive to discovery." *In re Automotive Refinishing Paint Antitrust Litig.*, 358 F.3d 288, 300 (3d Cir. 2004) (internal quotation marks omitted).

First, Defendants argue that "[a]lthough federal court litigants may stipulate around the Hague Convention for <u>written</u> discovery not subject to Article 15 of the Convention (i.e., document requests), . . . there is not a similar exception for <u>deposition</u> testimony." (Mot. at 3 (citations omitted).) Defendants cite *Societe Nationale*, 482 U.S. at 526 & n.7, *Schindler Elevator Corp. v. Otis Elevator Co.*, 657 F. Supp. 2d 525, 529-30 (D.N.J. 2009), and *Work v. Bier*, 106 F.R.D. 45, 56-57 (D.D.C. 1985), for this proposition.

The cases cited by Defendants are inapposite. In regards to *Societe Nationale*, the Supreme Court did not hold that depositions of foreign nationals require compliance with the Hague Convention. Rather, the Court observed in a footnote that at the trial level, the magistrate judge noted that "if oral depositions were to be taken in France, [the magistrate judge] would require compliance with the Hague Evidence Convention," *Societe Nationale*, 482 U.S. at 526 n.7. *Societe Nationale*, however, is inapposite to the present case because the foreign party there invoked the protections of the Hague Convention. *Id.* at 525-26.

*Schindler Elevator* is similarly inapplicable. *Schindler Elevator* discussed whether the depositions of foreign nationals differ from document discovery and require a different analysis than that established by *Societe Nationale*. Defendants are correct that *Schindler Elevator* found that "numerous courts—both before and after *Societe Nationale*—have concluded that the analysis is the same and ordered depositions of foreign parties occur *in the United States* in accordance with the Federal Rules." *Schindler Elevator*, 657 F. Supp. 2d at 529 (emphasis added). *Schindler*

*Elevator* is inapposite, however, because the foreign party in that case sought to invoke the Hague Convention. *Id.* at 527-28.

Defendants cite *Work* for the proposition that foreign depositions of party witnesses must be taken according to Hague procedures. *Work*, 106 F.R.D. at 56-57. *Work*, however, was decided before *Societe Nationale*, which held that the Hague Convention is not mandatory and acts only as a permissive supplement to the Federal Rules of Civil Procedure. *See Societe Nationale*, 482 U.S. at 536. Accordingly, *Work* is inapplicable here.

Second, Defendants argue that Judge Adler incorrectly concluded that conducting the deposition by video conference obviates the need for prior Australian Government approval. This argument, however, ignores the fact that the Hague Convention is not mandatory, making such approval unnecessary. In addition, the cases cited in the November 6 Order demonstrate that courts have previously ordered individuals to be deposed in Australia by video conference, without resorting to the Hague Convention. *See United States v. Philip Morris*, No. 99-2496, 2004 U.S. Dist. LEXIS 24551 (D.D.C. Aug. 30, 2004); *UniSuper Ltd. v. News Corp.*, No. 1699-N, 2006 Del. Ch. LEXIS 31, at *6-7 (Del. Chanc. Feb. 9, 2006). Accordingly, Defendants' Objections are **OVERRULED**.

In addition, Defendants move to continue the hearing on Plaintiffs' Motion for Preliminary Injunction. The hearing on the Motion for Preliminary Injunction was originally scheduled for November 12, 2013. The hearing has been continued twice and is now set for December 2, 2013. Accordingly, the motion to continue the hearing on the Motion for Preliminary Injunction is **DENIED**.

## CONCLUSION

For the reasons stated above, Defendants' Objections are **OVERRULED**. As held by Judge Adler, the deposition of Yowie's Rule 30(b)(6) witness shall proceed with the deponent participating by video conference.

In addition, the motion to continue the hearing on the Motion for Preliminary

Injunction is **DENIED**.

**IT IS SO ORDERED.**

DATED: November 14, 2013

_____
Hon. Roger T. Benitez
United States District Judge