1  Andrew D. Skale (SBN 211096)
   askale@mintz.com
2  Ben L. Wagner (SBN 243594)
   bwagner@mintz.com
3  MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO PC
   3580 Carmel Mountain Road, Suite 300
4  San Diego, CA  92130
   Telephone: (858) 314-1500
5  Facsimile:  (858) 314-1501

6  Attorneys for Plaintiffs

8  UNITED STATES DISTRICT COURT

9  SOUTHERN DISTRICT OF CALIFORNIA

11 YOWIE NORTH AMERICA, INC., and HENRY M. WHETSTONE, JR.,

12         Plaintiffs,

14     v.

15 CANDY TREASURE, LLC; and KEVIN GASS,

16         Defendants.

Case No.  3:13-cv-01906-BEN-JMA

**PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS CANDY TREASURE, LLC AND KEVIN GASS**

Date:     December 9, 2013
Time:     10:30 a.m.
Dept.:    5A
The Honorable Roger T. Benitez

Complaint Filed: 08/16/2013

Plaintiffs Henry Whetstone and Yowie North America, Inc. (collectively Yowie or Plaintiff), submit this opposition to the motion of Defendants Candy Treasure, LLC and Kevin Gass to dismiss: (1) Yowie's Third Claim for Relief; (2) Mr. Gass as an individual Defendant and (3) the allegations concerning indirect patent infringement in Yowie's First and Second Claims for Relief.  Defendants' Motion to Dismiss should be denied for at least three reasons.

<u>First</u>, Yowie's Third Claim for Relief sufficiently alleges competitive and commercial injury.  The First Amended Complaint ("FAC") alleges that Yowie markets and competes in the United States with its candy-egg products and that Defendants are director competitors.  The FAC further alleges that Defendants' website previously acknowledged that Yowie is a director competitor.  The FAC also notes that Defendants commercially injured Yowie by intentionally interfering with Yowie's United States marketing and sales efforts.   Yowie therefore has standing to pursue its false advertising claim under the Lanham Act.

<u>Second</u>, Mr. Gass should not be dismissed as an individual defendant because he is directly liable for the acts he committed.  The FAC unequivocally specifies that Mr. Gass performed the tortious acts alleged in the complaint and therefore is personally liable.

<u>Third</u>, Defendants' challenge to the indirect infringement theory in Yowie's First and Second Claims for patent infringement is procedurally improper.  Defendants impermissibly seek to dismiss both claims in their entirety by attacking only one of Yowie's theories (indirect infringement).  Even if Defendants' requests were procedurally proper, the FAC nonetheless sufficiently alleges theories indirect infringement, in addition to the adequately pled direct infringement theory.

## I. STANDARD OF REVIEW

### A. Yowie's Allegations Must Be Accepted As True

In deciding whether a claim has been stated, the court must take the claimant's allegations as true and draw all reasonable inferences in the claimant's favor.

1

1  *Gomper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002); *Ashcroft v. Iqbal*, 129 S. Ct.
2  1937, 1949 (2009).  A Rule 12(b)(6) motion requires either a "lack of a cognizable
3  legal theory" or "the absence of sufficient facts alleged under a cognizable legal
4  theory."  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

      **B.**     **The "Plausibility Standard" after *Twombly***

      To survive a Rule 12(b)(6) motion, a complaint need not contain detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007))  A dismissal is only appropriate when the complaint "fail[s] *in toto* to render plaintiffs' entitlement to relief plausible."  *Id.* at 569 n.14.  This standard considers whether "the complaint fails to state enough facts to raise a reasonable expectation that discovery will reveal evidence of the matter complained of, or if the complaint lacks a cognizable legal theory under which relief may be granted."  *U.S. Med. Instruments, Inc. v. CFS N. Am., Inc.*, 2013 U.S. Dist. LEXIS 162564 (S.D. Cal. Nov. 12, 2013).  Thus, as long as "Plaintiff's claims [] 'raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the motion to dismiss should be denied.  *Nordstrom v. U.S. Bank, N.A., Inc.*, 2012 U.S. Dist. LEXIS 102267, 5-6 (S.D. Cal. July 18, 2012) *quoting Twombly*, 550 U.S. at 555.  However, here, the claims are far more than merely plausible; hence there is no just justification for a dismissal.

**II.**    **ARGUMENT**

    **A.**    **YOWIE HAS STANDING TO BRING ITS FALSE ADVERTISING CLAIM UNDER THE LANHAM ACT BECAUSE THE FAC SUFFICIENTLY ALLEGES COMMERCIAL AND COMPETITIVE INJURY**

To establish standing under the false advertising prong of the Lanham Act, a plaintiff must show "(1) a commercial injury based upon a misrepresentation about a product; and (2) that the injury is 'competitive,' or harmful to the plaintiff's ability to compete with the defendant."  *Jack Russell Terrier Network v. Am. Kennel Club*, Inc.,

1  407 F.3d 1027, 1037 (9th Cir. Cal. 2005); *see also Coastal Abstract Serv., Inc. v.*
2  *First Am. Title Ins. Co.*, 173 F.3d 725, 734, (9th Cir. Cal. 1999) (false statements to
3  divert business away from competitor "is the type [of injury] that section 43(a) of the
4  Lanham Act was intended to remedy").  As explained in more detail below, Yowie's
5  FAC illustrates that Defendants' false statements directly interfered with Yowie's
6  United States marketing efforts.  As a result of Defendants' deceitful advertisements,
7  Yowie has sufficiently alleged both commercial and competitive injury.
8        Defendants allege that Yowie lacks standing under the Lanham Act because
9  Yowie "do[es] not allege competitive injury for sales in the United States."  Def.
10 Mot. at 3:12.  Employing an incorrect, narrow reading of the FAC, Defendants
11 conclude Yowie failed to allege:  it has "a product in the United States that can be
12 said to have goodwill," (*id.* at 4:1-2); or that it sold any "related products" in the
13 United States, (*id.* at 3:21), and therefore, "[a]t best, Plaintiffs allege that Yowie is a
14 candy producer somewhere outside of the United States…" *Id.* at 4:6.
15       In support of their arguments, Defendants stretch the holding in *Halicki v.*
16 *United Artists Communications*, 812 F.2d 1213 (9th Cir. 1987) beyond its intended
17 bounds. See Def. Mot. at 3:6-11.  Specifically, Defendants distort *Halicki* by
18 suggesting it holds that sales are required to sufficiently allege competitive injury.
19       In *Halicki*, a film producer brought a false advertising claim against several
20 movie theaters.  *Halicki*, 812 F.2d at 1213-14.  The film producer alleged the movie
21 theaters mistakenly advertised plaintiff's movie as having an "R" rating, thereby
22 restricting the audience to adults.  *Id.*  The theaters, however, were previously aware
23 that the Motion Picture Association of America had given the film a "PG" rating.  *Id.*
24 at 1223.  As such, the producer-plaintiff's alleged injury was poor box-office sales.
25 *Id.*
26       Holding that it was not enough for the film producer to merely allege a false
27 representation and injury, the reviewing court explained the theaters' conduct "***must***
28

*in some discernible way be competitive*." *Id.* at 1214 (emphasis added); *see also PhotoMedex, Inc. v. Irwin*, 601 F.3d 919, 922 (9th Cir. Cal. 2010) (false statements about the date a competing product would be available, is actionable under the Lanham Act because it potentially interferes with sales). The court explained that because the producer was not a direct competitor of the movie theaters, he did not assert a valid competitive injury and therefore did not have standing to pursue the false-advertising claim. *Halicki*, 812 F.2d at 1214. Thus, *Halicki's* holding notes that competitiveness is the key factor when assessing standing. *See also TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 827 (9th Cir. Cal. 2011) ("when plaintiff competes directly with defendant, a misrepresentation will give rise to a presumed commercial injury that is sufficient to establish standing.")

Here, in sharp contrast to *Halicki,* Yowie's FAC unequivocally alleges that it directly competes with Defendants, specifically alleging that Yowie is a surprise chocolate company and has teamed up with Mr. Whetstone through an exclusive license to bring its surprise chocolate eggs to the United States. FAC, ¶3. The FAC also alleges that Plaintiff Henry Whetstone, Jr. is the inventor of the only legal design for surprise chocolates in the United States to-date, and obtained two patents to protect that invention: U.S. Pat. Nos. 6,099,872 ('872 Patent) and 5,925,391 ('391 Patent). FAC, ¶¶12, 19.

Aware of Mr. Whetstone's patents, Defendants began selling and inducing others to use and sell surprise chocolate eggs—the exact product Yowie was marketing in the United States—that infringed Mr. Whetstone's patents. FAC, ¶¶13, 20. Additionally, the FAC alleged that Defendants' website acknowledged competitiveness by identifying Yowie as another supplier of candy products including chocolate surprises. FAC, ¶¶ 16, 17, 23, 24.

Additionally, highlighting Defendants' directly competitive false advertisements, Yowie alleges:

>These statements are likely to cause injury to Yowie. Yowie's candy products are not illegal or unfit for children of certain ages. Yet Defendants' advertising has the effect of convincing consumers that they are, and that consumers ***can only purchase such candy products that are legal in the United States and/or safe for children of all ages from Defendants (not Yowie).*** Those who believe Defendants' statements are likely to conclude that ***Yowie's candy products are illegal and unsafe for certain children,*** thereby tarnishing and damaging Yowie's goodwill and reputation, and ***interfering with Yowie's ability to market and sell its candy products***. Additionally, by suggesting certain U.S. agencies "approve" products when they in fact do not, this ***impinges upon Yowie's ability to effectively compete in the marketplace*** since it cannot make a similar claim (to do so would be false).

FAC, ¶29 (emphasis added). The clear impart of these allegations is that the U.S. is the marketplace, and both Yowie and Defendants are competitors of such candy products.

Accordingly, as businesses both offering chocolate eggs with surprise toys inside, Yowie's FAC provides ample allegations that Yowie and Defendants are competitive "in some discernible way." *See Halicki*, 812 F.2d at 1214. This is not a movie theatre and a film producer, or some other apple and oranges scenario lacking plausibility.

The FAC alleges that Yowie is in the U.S. market, competing with Defendants. Defendants even point to Yowie as being a direct competitor on Defendants' own website. FAC ¶ 16, 23 ("On Defendants' website, Defendants describe Yowie's product by saying: "We love these products! That's why we set out to make a ***similar version*** for America.") (emphasis added). Accepting Yowie's allegations as true and drawing all reasonable inferences in Yowie's favor, *Gomper,* 298 F.3d at 895, dismissal is improper.

### B. MR. GASS IS PERSONALLY LIABLE FOR YOWIE'S DAMAGES BECAUSE HE PERSONALLY TOOK ALL ACTIONS ON BEHALF OF CANDY TREASURE

Defendants focus on alter egg liability to distract from the plain allegation of Mr. Gass's direct liability. In doing so, Defendants miss that the FAC alleges Mr. Gass committed these torts as a participant, engaging in the alleged conduct.

Defendants' motion to dismiss Mr. Gass in his individual capacity relies primarily on *Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725 (9th Cir. 1999) ("*Coastal*"). But *Coastal*, Defendants' own case, directly contradicts Defendants' argument. *Coastal* explained that a corporate officer or director, like Mr. Gass here, cannot "hide behind the corporation where ***he is an actual participant in the tort.***" *Id.* at 734 (internal citation omitted) (emphasis added). *Coastal's* analysis also applies in trademark infringement and unfair trade practice cases: "A corporate official may be held personally liable for tortious conduct committed by him, though committed primarily for the benefit of the corporation . . . [t]his is true in trademark infringement and unfair trade practices cases." *Committee for Idaho's High Desert v. Yost*, 92 F.3d 814, 823-824 (9th Cir. 1996) (citing *Polo Fashions, Inc. v. Craftex, Inc.*, 816 F.2d 145, 149 (4th Cir. 1987) (additional internal citation omitted)). Under California law, the same liability principles apply to members of an LLC: "[M]embers of an LLC are afforded the same limited liability as corporate shareholders; members are not personally liable for the torts of the LLC unless they participate directly in the tortuous conduct." *J&J Sports Prods. v. Walia*, 2011 U.S. Dist. LEXIS 26316, 15 (N.D. Cal. Mar. 14, 2011).

Defendants then go on to incorrectly suggest that "with respect to the Lanham Act claims, there simply are no allegations regarding Mr. Gass." Def. Mot. at 5:19-20. The FAC, however, alleges:

> At all times relevant to this Complaint, Gass has been, on information and belief, the co-founder and President of Candy

>Treasure ***and took all actions on behalf of Candy Treasure alleged herein***. Gass and Candy Treasure are referred to collectively herein as "Defendants."

FAC, ¶6 (emphasis added).

No authority is cited by Defendants that questions the sufficiency of Yowie's allegation that Mr. Gass "took all actions on behalf of Candy Treasure." That he took the actions while acting on behalf of Candy Treasure does not free him of personal liability as to Yowie. Because Yowie's FAC properly alleges that Mr. Gass directly committed the tortious acts, he should not be dismissed as an individual Defendant.

### C. YOWIE'S FIRST AND SECOND CLAIMS ALLEGING PATENT INFRINGEMENT ARE SUFFICIENTLY PLED

To survive a motion to dismiss, a complaint must only plead enough facts to state a claim to relief that "is plausible on its face." *Maloney,* 2007 WL 3001687 at *1. Additionally, a moving party may not use Rule 12(b)(6) to challenge individual theories of a claim where at least one theory is sufficient to state a claim: "a plain reading of Rule 12(b)(6) indicates that the rule may be used only to dismiss a 'claim' in its entirety." *Ormand v. Sanford Clinic*, 2010 U.S. Dist. LEXIS 48001, 25-26 (D.S.D. May 13, 2010) *citing* Fed. R. Civ. P. 12(b)(6) (allowing for a motion to dismiss based upon a "failure to state a claim upon which relief can be granted"); 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 668-671 (3d ed. 2004) (noting that the question under Rule 12(b)(6) is whether "the complaint states any legally cognizable claim for relief")).

Defendants challenge Yowie's indirect infringement theory of patent infringement by suggesting Yowie "does not allege a specific intent for end users to infringe the patents in suit." Def. Mot. at 6:28. The FAC, however, alleges that Defendants have "directly and indirectly infringed and continue to infringe . . . ." FAC, ¶¶ 13 (First Claim for Relief), 20 (Second Claim for Relief). Defendants do not dispute that a theory of direct patent infringement has been adequately pled.

Defendants thus impermissibly attempt to strike one theory from Yowie's broader claim.  See *Ormand,* 2010 U.S. Dist. LEXIS at 25-26.

Second, Yowie's First and Second Claims satisfy *Twombly's* plausibility standard even as to indirect infringement.  Defendants' challenge is limited to the *mens rea* aspect of indirect infringement, intent.  Indirect inducement "does not require that the induced party be an agent of the inducer or be acting under the inducer's direction or control to such an extent that the act of the induced party can be attributed to the inducer as a direct infringer." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301, 1308 (Fed. Cir. 2012).  Rather, "[i]t is enough that the inducer causes, urges, encourages, or aids the infringing conduct and that the induced conduct is carried out." *Id.*

Here, the FAC alleges that Defendants were aware of Yowie's patents and deliberately infringed them.  See FAC ¶¶ 17 ("...Defendants knew of the '391 Patent and that Defendants' infringement of the '391 Patent was willful and deliberate…"), 24 (…Defendants knew of the '872 Patent and that their infringement of the '872 Patent is willful and deliberate….).  Additionally, the FAC alleges that Defendants intentionally sold the infringing product for others to use and sell:

> Defendants also ***intentionally established*** distribution channels for the accused products through Target, Food4Less and other national retailers, and has regularly shipped the accused product through those channels. For example, Food4Less had over 50 California stores with Choco Treasure Floorstands (for SKU/UPC 852923002506). Defendants cultivated these relationships with multiple national retailers ***for the express purpose of*** creating distribution channels for the distribution and sale of their Choco Treasure chocolate surprises throughout the United States, including California as the state with the largest GDP in the nation. ***Defendants knew that in doing so***, they were ***deriving significant revenues from sale*** of their accused goods in California as the terminal end point of their goods.

8

FAC, ¶8 (emphasis added). Establishing a distribution chain to sell products that the Defendants knew infringed the patents plausibly states specific intent to cause, urge, or encourage infringing conduct that resulted in significant sales. *Akamai Techs.,* 692 F.3d at 1308.

Accordingly, Defendants' attempt to dismiss the indirect inducement *portion* of Yowie's First and Second Claims was procedurally improper, but nevertheless, both Claims were properly plead.

## III.   CONCLUSION

Because Yowie has sufficiently alleged commercial injury, competitive injury, and indirect patent inducement, no portions of its First, Second, and Third Claims for Relief should be dismissed. Additionally, because Yowie alleged that Mr. Gass took all actions alleged in the FAC on behalf of Candy Treasure, Mr. Gass should not be dismissed as an individual defendant.

In any event, Defendants' challenges at best arise to technicalities and the pleadings in this case to-date show that any defects found can be cured by amendment. Thus, the liberal policy in favor of amendment would dictate leave to amend if any of Defendants' challenges were accepted.

Dated: November 25, 2013

MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO

By: s/Ben Wagner
 Andrew D. Skale, Esq.
 Ben L. Wagner, Esq.

Attorneys for Plaintiffs
YOWIE NORTH AMERICA, INC. and
HENRY M. WHETSTONE, JR.

# CERTIFICATE OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of San Diego, State of California, and am not a party to the above-entitled action.

On November 25, 2013, I filed a copy of the following document:

**PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS CANDY TREASURE, LLC AND KEVIN GASS**

by electronically filing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Allison H. Goddard | ali@pattersonlawgroup.com, admin@pattersonlawgroup.com |
| Benjamin L. Wagner | bwagner@mintz.com, Docketing@mintz.com, kjenckes@mintz.com |
| Michael R. La Porte | mrl@fg-law.com, sac@fg-law.com |
| Robert P. Greenspoon | rpg@fg-law.com, sac@fg-law.com |
| William W. Flachsbart | wwf@fg-law.com, sac@fg-law.com |

Executed on November 25, 2013, at San Diego, California.

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

s/Ben L. Wagner
Ben L. Wagner, Esq.

25309428v.1

1

Case No. 3:13-cv-01906-BEN-JMA